Xue Sheng FENG, Petitioner,

v.

Eric H. HOLDER, Jr., United States Attorney General, Respondent.

No. 13–2623.

United States Court of Appeals, Second Circuit.

Jan. 30, 2015.

Richard Tarzia, Belle Meade, NJ., for Petitioner.

Stuart F. Delery, Principal Deputy Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Nicole R. Prairie, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, DEBRA ANN LIVINGSTON, RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Sheng Feng, a native and citizen of China, seeks review of a June 26, 2013, order of the BIA, affirming the February 16, 2012, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Sheng Feng,* No. A200 942 800 (B.I.A. June 26, 2013), *aff'g* No. A200 942 800 (Immig. Ct. New York City Feb. 16, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder,* 562 F.3d 510, 513 (2d Cir.2009).

For applications such as Feng's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable factfinder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008) (per curiam). In this case, the agency reasonably based its adverse credibility determination on: (1) Feng's inconsistent testimony regarding how many times he was harassed by police in China; (2) Feng's inconsistent

testimony regarding whether he practiced Falun Gong; and (3) omissions from his mother's letter in support of his asylum application, including the fact that she still lives and practices Falun Gong in China.

Feng's argument focuses on the IJ's determination that his testimony was inconsistent with respect to how many encounters he had with police after he was released from detention. Although a close reading of the transcripts could support Feng's explanation for the discrepancy, it just as easily supports the IJ's determination, and thus Feng has not shown that "no reasonable factfinder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Moreover, the IJ is not required to credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005). Moreover, Feng does not address the other bases for the IJ's adverse credibility determination, namely, his assertion in his credible fear interview that he did not practice Falun Gong, and the omission of certain details from his mother's letter in support of his asylum application.

An IJ may consider an applicant's credible fear interview if it bears sufficient indicia of reliability, including evidence that the interview was recorded verbatim, conducted with the aid of an interpreter skilled in the appropriate language, and that the questions asked were understood and designed to elicit a claim of persecution. *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir.2009). Here, the interview responses appeared to be recorded verbatim, Feng was provided a Mandarin interpreter, and he did not indicate during the interview that he did not understand the questions posed. Thus, the IJ properly relied upon the credible fear interview in determining that Feng's testimony at the hearing was inconsistent with his prior statement that he did not practice Falun Gong.

With respect to the omissions from Feng's mother's letter, "[a]n inconsistency and an omission are . . . functionally equivalent" for purposes of a credibility determination. *Xiu Xia Lin*, 534 F.3d at 166 n. 3. Although Feng sought asylum on the ground that he could not safely practice Falun Gong in China, his mother's letter omitted the fact that she had followed him to Fuqing, and is apparently still there, safely practicing Falun Gong. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country unharmed, claim of well-founded fear was diminished). Thus, the IJ's adverse credibility determination on this point is supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).